CINCINNATI METROPOLITAN HOUSING AUTHORITY *v.*
CINCINNATI DISTRICT COUNCIL No. 51 AMERICAN FEDERATION
OF STATE, COUNTY AND MUNICIPAL EMPLOYEES,
AFL-CIO, ET AL.

[Cite as Cincinnati Metropolitan Housing Authority v.
Cincinnati District Council No. 51, 17 Ohio Misc. 134.]

(No. A-232972—Decided January 7, 1969.)

Common Pleas Court of Hamilton County.

*Mr. Booth Shepard,* for plaintiff Cincinnati Metropolitan Housing Authority.
*Mr. William R. Schumacher,* for defendant Cincinnati District Council No. 51, American Federation of State, County and Municipal Employees, AFL-CIO et al.

WOOD, J. This cause came before the court by petition for injunction and other relief in behalf of the Cincinnati Metropolitan Housing Authority. The facts, stated briefly, are that the Cincinnati Metropolitan Housing Authority, plaintiff, refused to recognize the defendant organization, to wit: Cincinnati District Council No. 51, American Federation of State, County and Municipal Employees AFL-CIO, et al. As a result the defendant union instructed its members, composed of waste collectors, to refuse to work and to picket peacefully. Needless to say, the situation created had dire repercussions and was at the point

of becoming a health problem. For these reasons the court ordered a temporary restraining order to cease the picketing, whereupon defendant voluntarily instructed its members to return to work.

The plaintiff in its petition alleged that it did not have authority for collective bargaining and recognition because of the absence of legal power. To this allegation defendant filed an answer and cross-petition asking the court for a declaratory judgment setting forth the issue as to whether the plaintiff, Cincinnati Metropolitan Housing Authority, did or did not have the authority to recognize the union.

As to the first issue of whether or not public employees may strike, see *Crosby* v. *Roth*, 136 Ohio St. 352; *Chucales* v. *Royalty*, 164 Ohio St. 215; *Cleveland* v. *Division*, 41 Ohio Opinions 236, as well as Sections 4117.01 and 4117.02, Revised Code (better known as the Ferguson Act); these are quite clear that when such a strike is against public policy, it is illegal.

As to the second issue as to whether or not the plaintiff has the authority to recognize the defendant union, there appears to be no case law directly in point. However, it is noted that in many cities branches of public employees are unionized. It is the contention of the plaintiff that it was created solely and vested with its powers by Sections 3735.27—3735.50, Revised Code, and because the code in these sections vests them with no authority to specifically recognize a union, that it cannot. It is the contention of defendant union that the mere fact that the code does not specifically set forth any authority, should be ancillary to the broad powers that the plaintiff has.

It is quite obvious from the pleadings that the plaintiff is a multimillion dollar organization, as they operate and maintain 13 large housing projects within the city limits, and obviously must function as any corporate business. In this day and age it would be ridiculous to say that any corporation or organization of this magnitude could not recognize a duly organized union merely because of the absence of direct verbage in their organizational set up. Nor can it be contended that the Cincinnati Metro-

politan Housing Authority should be limited to those powers expressly given by the statute since there was no such intent to limit expressed within the statute itself. In this day and age recognition of unions by companies is as well established in this country as apple pie.

Therefore, it is hereby ordered, judged and decreed that the temporary restraining order to strike be made permanent. Furthermore, the court finds on the request for declaratory judgment that defendant's contention is well taken and that the plaintiff, Cincinnati Metropolitan Housing Authority, is ordered to recognize defendant Cincinnati District Council No. 51.